# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA MOLSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 1:19-CV-61Erie |
| | ) | |
| v. | ) | |
| | ) | |
| GARY SEYMOUR, | ) | District Judge Baxter |
|     Defendant. | ) | |

## MEMORANDUM OPINION

This civil rights action was filed in this Court on March 7, 2019. By Order dated May 14, 2019, this Court identified several deficiencies in the original complaint (ECF No. 1-1) and directed Plaintiff to file an amended complaint before May 31, 2019. The Order specifically warned that Plaintiff's failure to comply could result in the dismissal of the action for her failure to prosecute. ECF No. 2.

Because Plaintiff failed to comply with that Order, this Court issued a Show Cause Order on June 7, 2019 directing Plaintiff to show cause for her failure to file an amended complaint before June 14, 2019. Again, this Order warned that Plaintiff's failure to comply could result in the dismissal of the action for failure to prosecute. ECF No. 3.

As of today's date, Plaintiff has failed to file an amended complaint or respond to the Show Cause Order. Accordingly, her case will be dismissed for failure to prosecute.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful

1

or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Instead, the court should "properly consider and balance" each of the six factors based on the record. Hildebrand v. Allegheny County, ___ F.3d ___, 2019 WL 1783540, at *3 (3d Cir. Apr.23, 2019).

Plaintiff has ignored two specific orders from this Court both of which warned of the dire consequences for her failure to comply. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. At this juncture, there has been no prejudice to the opposing party. Plaintiff's non-compliance seems willful as she has been given two opportunities to respond, yet has failed to do so. Alternative sanctions, such as monetary penalties, are generally inappropriate with indigent parties. Although it is possible that Plaintiff may have some factual allegation that could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings (as discussed in this Court's order outlining the deficiencies of the original complaint). Five of the six Poulis factors weigh in favor of dismissal.

This Court recognizes the Third Circuit's strong policy in favor of deciding cases on their merits (see Hildebrand, 923 F.3d at 132), but such a resolution is impossible where a Plaintiff declines to participate in her own lawsuit. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.